# 𝔚𝔶𝔱𝔥𝔢𝔳𝔦𝔩𝔩𝔢.

## TRANT MOTOR COMPANY, INCORPORATED, v. A. A. JORDAN.

### June 17, 1926.

1. APPEAL AND ERROR—*Conflicting Evidence—Case at Bar.*—The instant case was an action on a note given to plaintiff, a Ford dealer, by defendant, one of its agents. Defendant pleaded set-off and there was a verdict and judgment for defendant. Plaintiff contended that the note was given in full settlement of its account with defendant as of its date. Defendant contended that the note was not given by way of making a final settlement of his account; that he signed the note to please plaintiff, who he feared would discharge him and blacklist him with other Ford dealers; that he, defendant, knew at the time he signed the note that he had not received any credit for commissions on sales of Lincoln cars, which he had never agreed to waive. The evidence was in hopeless conflict.

    *Held:* That it was for the jury to say whether or not defendant had established his plea of set-off.

2. QUESTIONS OF LAW AND FACT—*Weight of Evidence—Credibility of Witnesses.*—The weight of the evidence and the credibility of witnesses are questions for the jury.

3. APPEAL AND ERROR—*Conflicting Evidence—Verdict not Disturbed.*— Where the jury and the trial judge saw the witnesses, heard them testify and observed their demeanor on the stand, and the jury found in favor of the defendant and the judge placed the stamp of his approval upon their verdict and the evidence was conflicting, the verdict of the jury is conclusive on appeal and the appellate court is powerless to disturb it.

Error to a judgment of the Circuit Court of the city of Norfolk, in a proceeding by warrant. Judgment for defendant. Plaintiff assigns error.

*Affirmed.*

The opinion states the case.

*Henry Bowden* and *Chas. S. Grant*, for the plaintiff in error.

(No appearance for the defendant in error.)

WEST, J., delivered the opinion of the court.

Trant Motor Company, Incorporated, brought action against A. A. Jordan on a note signed by him and payable to its order for $519.06. Jordan filed a special plea of set-off, alleging that the plaintiff was indebted to him in the sum of $1,480, and offering to allow as a set-off thereto the full amount of the note sued on and praying judgment for the difference of $960.94, with interest from November 1, 1924, till paid. The jury returned a verdict in favor of the defendant for $329.34. The judgment entered on that verdict is before us for review.

The only assignment of error is the refusal of the court to set aside the verdict as contrary to the law and the evidence, and its entry of judgment thereon.

The parties will be referred to as plaintiff and defendant, with respect to their positions in the trial court.

The plaintiff is engaged in selling Ford and Lincoln automobiles and Fordson tractors. The defendant was in the employ of the plaintiff as salesman on commission, from September, 1923, until January, 1925, when he was discharged.

The commission contract was not in writing. The defendant says it was agreed that he should receive five per cent. commissions on the price of each car sold, less the amount allowed for a trade-in car, where a car was taken as part payment. The plaintiff contends that under the contract, if defendant sold a Lincoln car and accepted another car in part payment, he was not entitled to any commission unless the plaintiff suc-

ceeded in selling the trade-in car for a sum sufficient to net the plaintiff a profit on the transaction.

According to the books of the plaintiff, defendant's account with it was overdrawn in the sum of $1,175.00 on September 9, 1924. The plaintiff realized that defendant's account needed adjusting, and, by agreement, Jordan met Edgar Trant, president, and J. L. From, bookkeeper of the plaintiff corporation, in its offices on that day. Trant and From say they went over every item of defendant's account as shown by their books, and agreed that the balance due the plaintiff by the defendant was $1,175.00; and that in order to close the account plaintiff charged off over $600 thereof to loss and gain and accepted from defendant his note for $569.06, payable thirty days after date, in full settlement of the account, with the agreement that Jordan should curtail the note in the sum of $50.00 at maturity, if his commissions for the preceding month amounted to more than $200. When the note fell due, it was curtailed $50 and renewed on November 1, 1924, for 30 days in the sum of $519.06, which is the note sued for.

The defendant testified that the plaintiff failed to credit his account with commissions when earned and that he would go to Trant nearly every month to get his account straightened out, but was put off from time to time; that his account would often show an overdraft when, if his commissions had been credited, the balance would have been in his favor; that the note was not given by way of making a final settlement of his account; that the Ford dealers are generally very independent; that he needed his job and did not think it expedient to have much controversy with Mr. Trant, and when he said: "Give me a note for $569.00," he signed it; that he knew if he were discharged by the plaintiff under circumstances which would cause Trant

to refuse to recommend him, no other Ford agency in Norfolk would give him employment; that he knew at the time he had not received any credit for commissions on sales of Lincoln cars, which he has never agreed to waive, but signed the note to please Trant, who said he wanted the note in order to put the books of the company in better shape.

The account of set-offs filed with defendant's special plea is made up of twelve items, ten showing commissions not allowed or paid on sales made from November, 1923, until defendant severed his connection with the plaintiff in January, 1925, and two items covering improper charges made against him. Defendant testified that the account is correct and that each amount claimed therein is justly due to him and unpaid. Plaintiff's bookkeeper, From, admits that four or five of these items, covering commissions on Lincoln cars, aggregating over $600.00, were not credited to Jordan in the "adjustment" made on September 9, 1924. Trant and Jordan had several interviews after the note was executed in an effort to agree upon the amount Jordan was entitled to receive as commissions on sales of Lincoln cars.

[1-3] The evidence is in hopeless conflict and need not be considered further in detail. The weight of the evidence and the credibility of the witnesses were questions for the jury. The jury and the trial judge saw the witnesses, heard them testify and observed their demeanor on the stand. The jury have found in favor of the defendant and the judge has placed the stamp of his approval upon their verdict.

Under the familiar and well established rule, for which the citation of authority is unnecessary, the verdict of the jury is conclusive here and we are powerless to disturb it.

*Affirmed.*